# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### DETROIT DIVISION

| | |
|---|---|
| TORRIE M. HILL, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 2:19-cv-11236 |
| ABILITY RECOVERY SERVICES, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

**NOW COMES** Torrie M. Hill ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining as to the conduct of Defendant, Ability Recovery Services, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Michigan Occupational Code ("MOC") pursuant to M.C.L. §339.901.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Michigan, and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Michigan, and Plaintiff resides in the Eastern District of Michigan.

### PARTIES

4. Plaintiff is a natural person over 18-years-of-age who resides in Michigan and is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

5. Defendant is a collection agency with its principle office located at 284 Main Street DuPont, Pennsylvania 18641.

6. Defendant is in the business of collecting or attempting to collect, directly or indirectly, defaulted consumer debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Michigan.

7. Defendant acted through it agents, employees, officers, members, directors, heirs, successors, vendors, assigns, principals, trustees, sureties, subrogees, vendors, third-party contractors, representatives, and insurers at all times relevant to the instant action.

FACTS SUPPORTING CAUSE OF ACTION

8. In or around 2016, Plaintiff obtained a private loan to attend Ashworth Online College ("Ashworth") and incurred debt ("subject debt") as a result.

9. In May 2017, Plaintiff stopped attending Ashworth due to unforeseeable circumstances. Plaintiff also stopped making payments on the subject debt, resulting in default.

10. Sometime thereafter, Defendant acquired the right to collect or attempt to collect on the subject debt..

11. In or around February 2019, Plaintiff was notified that Defendant was reporting the subject debt on her credit with a balance of $880.00.

12. Immediately after Plaintiff noticed Defendant's reporting of the subject debt, Plaintiff contacted Defendant. Plaintiff then was connected to a representative of Defendant by the name of "Tracy."

13. After speaking with Tracy, Plaintiff agreed to pay half of the total amount of the subject debt.

14. At no time did Defendant's communications contain the mini-Miranda pursuant to 15 U.S.C. §1692e(11).

15. On February 28, 2019, Plaintiff made a payment over the phone to Defendant in the amount of $393.75. Plaintiff's payment was made through her debit card.

16. Tracy claimed that the charge was nor completed using Plaintiff's debit card and then Tracy accused Plaintiff of using a "card scam." In all actuality, Defendant had charged Plaintiff's debit card twice and each transaction was in the amount of $393.75.

17. Tracy then claimed that Plaintiff's debit card was not working. Thereafter, Plaintiff provided Defendant with her bank account information.

18. After Plaintiff provided Defendant her bank account information, Defendant sent Plaintiff an email. In Defendant's email, it shows that Plaintiff debit card was charged and Defendant's representative falsely communicated that Plaintiff's debt card was not working.

19. After Plaintiff realized that her debit card was charged twice she called Defendant back. This time Plaintiff spoke with a representative by the name of "Ann."

20. Plaintiff explained to Ann that she was charged for two payments when she only wanted to make one payment.

21. Thereafter, Plaintiff disputed the charges with her bank.

22. On March 27, 2019, Defendant's representative, Tracy, called Plaintiff. During that call, Tracy threatened to void Plaintiff's payment and called Plaintiff a "scam artist."

23. Plaintiff then asks to speak to a supervisor. Tracy pretended to be a supervisor and threatened to report the subject debt on Plaintiff's credit report.

24. To this day, Defendant still has both of Plaintiff's payments and refuses to refund the second payment.

25. The phone number that Defendant most often used to contact Plaintiff is (570) 207-1892, but upon information and belief, it may have used other phone numbers to place calls to Plaintiff's cellular phone.

26. Furthermore, at no time did Defendant send Plaintiff any correspondences notifying her of her rights pursuant to 15 U.S.C. §1692g.

#### DAMAGES

27. Defendant's misleading and unfair conduct has severely disrupted Plaintiff's daily life and general well-being.

28. Plaintiff has expended time consulting with her attorneys as a result of Defendant's false, deceptive, and misleading collection efforts.

29. Defendant's phone illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of her

telephone equipment and telephone subscription services, debilitating Plaintiff's voicemail capacity, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

30. Concerned about the violations of her rights and invasion of her privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

33. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

34. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent medical accounts allegedly owed to a third party.

35. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

36. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

37. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

38. Defendant violated 15 U.S.C. §§1692d, e, e(2), e(5), e(8), e(10), e(11), f , f(1), f(5) and g through its unlawful debt collection practices.

### a. Violations of FDCPA § 1692d

39. Defendant violated §1692d by using harassing, oppress, and abusive conduct. Specifically, Defendant harassed Plaintiff by threating to report the subject debt on her credit report after she made a payment on the subject debt and Defendant called Plaintiff a "scam artist."

40. Furthermore, Defendant harassed Plaintiff by sending her threating voice mail messages. In the voice messages, Defendant threatened to report the subject debt on Plaintiff's credit report for a second time.

### b. Violations of FDCPA § 1692e

41. Defendant violated §1692e by using false, deceptive, and misleading representation in connection to the collection of the subject debt. Defendant

attempted to deceptive Plaintiff into believing that it could report on Plaintiff's credit report after Plaintiff made a payment on the subject debt.

42.Defendant violated §1692e(2) by falsely representing the legal status of the subject debt. When Defendant falsely threatened to report the subject debt again on Plaintiff's credit report, it made such a misleading representation knowing that it could not report the subject debt on Plaintiff's credit report.

43.Defendant violated §1692e(5) by threatening to take action that it legally cannot. Defendant threatened to report the subject debt on Plaintiff's credit report when Plaintiff paid the subject debt. Defendant did not intend to report the subject debt again on Plaintiff's credit report, rather Defendant attempted to dragoon Plaintiff into not disputing Defendant's second unauthorized charge on Plaintiff's debit card.

44.Defendant violated §1692e(8) by threatening to report false credit information. Defendant threatened to report the subject debt on Plaintiff's credit report for a second time. Specifically, Defendant threatened to report on Plaintiff's credit report if Plaintiff disputed Defendant's second unauthorized charge to Plaintiff's debit card.

45. Defendant violated §1692e(10) by using deceptive means to collect on the subject debt. Defendant deceptively attempted to scare Plaintiff into believing that Defendant could report on Plaintiff's credit report after Plaintiff paid the subject

debt. Furthermore, Defendant charged Plaintiff's debit card twice in the amount of $393.75, when Plaintiff only authorized Defendant to make one charge.

46. Defendant violated §1692e(11) by failing to communicate the mini-Miranda warning to Plaintiff during at least one of the communications between Plaintiff and Defendant.

### c.  Violations of FDCPA § 1692f

47. Defendant violated §1692f by using unfair and unconscionable means to collect on the subject debt. Defendant unfairly threatened to report the subject debt on Plaintiff credit report for a second time if Plaintiff disputed Defendant's second unauthorized charge to Plaintiff's debt card. Plaintiff authorized Defendant to charge her debit card $393.75, yet Defendant unconscionably charged Plaintiff's debit card twice. Defendant had no authority or consent to make such a second charge.

48. Defendant violated §1692f(1) by attempting to collect on an amount it was not authorized to collect on. Plaintiff authorized Defendant to charge her debit card $393.75. Defendant unconscionably charged Plaintiff's debit card twice when it had no authority to do so.

49. Defendant violated §1692f(5) by causing a charge to be made to Plaintiff. Defendant charged Plaintiff's debit card twice when it only had the authority to charge it once in the amount of $393.75.

### d. Violations of FDCPA § 1692g

50. Defendant violated §1692g through its initial communication by failing to properly inform Plaintiff as to Plaintiff's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer. Despite the foregoing, Defendant through its initial communication demanded payment of the subject debt from Plaintiff through phone calls and failed to adequately send Plaintiff her right to dispute the validity of the subject debt within five days of the initial communication.

**WHEREFORE**, Plaintiff TORRIE M. HILL respectfully requests that this Honorable Court:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C.   §1692k; and

    d. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

51. Plaintiff restates and realleges paragraphs 1 through 50 as though fully set forth herein.

52. Plaintiff is a "consumer" or "debtor" as defined by M.C.L § 339.901(f) as he is a person that is obligated or allegedly obligated to pay a debt.

53.Defendant is a "collection agency" as defined by M.C.L. § 339.901(b) as it is a person that is directly engaged in collecting or attempting to collect a claim owed or due or asserted to be owed or due another.

54.The subject debt is a "[c]laim" or "debt" as defined by M.C.L. § 339.901(a) as it is an obligation or alleged obligation for the payment of money or thing of value arising out of an agreement or contract for a purchase made primarily for personal, family, or household purposes.

### a. Violations of M.C.L. § 339.915(f)(ii)

55.The MOC, pursuant to M.C.L. § 339.915(f)(ii) prohibits a collection agency from "[m]isrepresenting in a communication with a debtor . . . [t]he legal rights of the creditor or debtor."

56.Defendant violated M.C.L. § 339.915(f)(ii) by misrepresenting Plaintiff legal rights. Defendant threatened to report on Plaintiff's credit report for a second time if Plaintiff disputed Defendant's second unauthorized charge to her debit card. Defendant attempted to mislead Plaintiff into believing she could not legally dispute Defendant's second unauthorized charge.

### b. Violations of M.C.L. § 339.915(n)

57.The MOC, pursuant to M.C.L. § 339.915(n), prohibits a collection agency from "[u]sing a harassing, oppressive, or abusive method to collect a debt."

58. Defendant violated the MOC by using harassing, oppress, and abusive conduct. Specifically, Defendant harassed Plaintiff by threating to report the subject debt on her credit report after she made a payment on the subject debt and Defendant called Plaintiff a "scam artist."

59. Furthermore, Defendant unfairly threatened to report the subject debt on Plaintiff credit report for a second time if Plaintiff disputed Defendant's second unauthorized charge to Plaintiff's debt card. Plaintiff authorized Defendant to charge her debit card $393.75. Defendant unconscionably charged Plaintiff's debit card twice. Defendant had no authority or consent to make such a second charge.

60. Defendant's violations of the MOC were willful. Upon information and belief, Defendant regularly engages in the above-described behavior against consumers in Michigan, further demonstrating its willful failure to implement adequate procedures designed to prevent violations of the MOC.

**WHEREFORE**, Plaintiff TORRIE M. HILL respectfully prays this Honorable Court for the following relief:

    a.  Declare Defendant's phone calls to Plaintiff to be violations of the MOC;

    b.  Enjoining Defendant from further contacting Plaintiff, pursuant to M.C.L. § 339.916(1);

    c.  Awarding Plaintiff actual damages, including treble damages, pursuant to M.C.L. § 339.916(2);

    d.  Awarding Plaintiff statutory damages of at least $50.00, including treble damages, pursuant to M.C.L. § 339.916(2);

    e.  Award Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 339.916(2);

    f.  Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: April 29, 2019                 Respectfully Submitted,

                                     /s/ Alexander J. Taylor
                                     Alexander J. Taylor, Esq.
                                     *Counsel for Plaintiff*
                                     Sulaiman Law Group, Ltd
                                     2500 South Highland Avenue
                                     Suite 200
                                     Lombard, IL 60148
                                     Telephone: (630) 575-8181
                                     ataylor@sulaimanlaw.com