UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TORRIE M. HILL,

    Plaintiff,

v.

ABILITY RECOVERY SERVICES, LLC,

    Defendant.

_____/

Case No. 19-11236

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT [13]**

Before the Court is Plaintiff Torrie M. Hill's motion for default judgment following the Clerk's entry of default against Defendant Ability Recovery Services, LLC in this matter. (Dkt. 13.) Plaintiff asserts she is entitled to default judgment because Defendant has failed to plead or otherwise defend against this action. The Court held a hearing on the motion on September 11, 2019. For the reasons stated below, the Court GRANTS Plaintiff's motion.

**I.    Background**

On April 29, 2019, Plaintiff filed her complaint alleging that Defendant violated several provisions of the Fair Debt Collection Practices Act ("FDCPA") and the Michigan Occupational Code ("MOC"). (Dkt. 1.) More specifically, Plaintiff alleges that Defendant acquired the right to collect an alleged debt she owed and that she was notified that Defendant was reporting the debt on her credit with a balance of $880.00. Plaintiff contacted Defendant and spoke with a representative by the name of Tracy. Plaintiff agreed to pay half of the amount of the debt. She further alleges she made the payment of $393.75 over the phone with her debit card, but Tracy stated that the charge was not

1

completed and accused Plaintiff of using a "card scam." Plaintiff alleges that in actuality, her debit card had been charged twice. After Tracy claimed that Plaintiff's debit card was not working, Plaintiff provided her bank account information. Later, however, she received an email from Defendant showing that her debit card was charged. Plaintiff called Defendant back and spoke with a different representative, explaining to her what happened. Plaintiff also disputed the charges with her bank.

Plaintiff alleges that several weeks later, Tracy called her. During that call, Tracy threatened to void Plaintiff's payment and called her a "scam artist." When Plaintiff asked to speak to a supervisor, Tracy pretended to be a supervisor and threatened to report the debt on her credit report. Plaintiff alleges that to this day, Defendant has both of Plaintiff's payments and refuses to refund the second payment. Plaintiff further alleges that Defendant did not send her any correspondences notifying her of her rights pursuant to the FDCPA, and that Defendant sent her threatening voice mail messages.

Plaintiff effectuated service on Defendant by serving the summons on an authorized registered agent of Defendant on May 6, 2019. (Dkt. 6.) Defendant did not answer or otherwise plead, and upon request by Plaintiff, the Clerk entered a default on June 20, 2019. (Dkt. 11.) Plaintiff now seeks statutory damages pursuant to both the FDCPA and MOC as well as reasonable attorney's fees and costs.

## II. Legal Standard

Federal Rule of Civil Procedure 55 allows the court to enter a default judgment against a defendant who has failed to plead or otherwise defend against an action. Before a plaintiff can obtain a default judgment under Rule 55(b), the clerk must first issue an entry of default under Rule 55(a). Once the clerk enters a default, all of a

plaintiff's well-pleaded allegations, except those relating to damages, are deemed admitted. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995).

When the amount of damages is uncertain, the plaintiff must apply to the court for a default judgment. Rule 55(b)(2) sets forth that

> [t]he court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages: (c) establish the truth of any allegation by evidence; or (D) investigate any other matter.

"'This provision, by its terms, allows but does not require the district court to conduct an evidentiary hearing.'" *Hett v. Bryant Lafayette and Assocs., LLC*, No. 10-12479, 2011 U.S. Dist. LEXIS 18253, at *4 (E.D. Mich. Feb. 24, 2011) (quoting *Vesligaj v. Peterson*, 331 F. App'x 351, 354 (6th Cir. 2009) (unpublished)). Thus, the Court may award damages without an evidentiary hearing as long as a basis exists for the damages requested. *See Burrell v. Imperial Recovery Partners, LLC*, No. 11-11423, 2011 U.S. Dist. LEXIS 74292, at *3 (E.D. Mich. July 11, 2011).

### III. Analysis

#### A. Statutory Damages under the FDCPA

Plaintiff requests statutory damages pursuant to 15 U.S.C. § 1692k(a)(2). That section entitles a plaintiff to a statutory award of "such additional damages as the court may allow, but not exceeding $1,000." § 1692k(a)(2)(a). The Court considers the following factors when determining the amount of the award: "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." § 1692k(b)(1).

3

Plaintiff alleges Defendant violated several provisions of the FDCPA. *See* dkt. 1, PgID 7 (alleging violations of §§ 1692d, e, e(2), e(5), e(9), e(10), e(11), f, f(1),f(5), and g). The Court finds that Plaintiff's well-pleaded allegations, which are deemed admitted due to Defendant's default, establish violations of at least some of these provisions. For example, the FDCPA prohibits harassing or abusive behavior by the debt collector to collect on a debt, § 1692d, and the making of a threat that cannot legally be taken or that is not intended to be taken, § 1692(e)(5). According to the complaint, Defendant called Plaintiff a "scam artist," threatened to report the debt even after Plaintiff made a payment and with no intent to report the debt, and sent her threatening voice messages. The FDCPA also requires a debt collector to send a written notice of the debt that includes statutorily-specific information. § 1692g(a). Plaintiff alleges Defendant did not do so. The Court finds that these violations entitle Plaintiff to the $1,000.00 statutory damages award she has requested.

### B. Statutory Damages under the MOC

Plaintiff also requests damages under the MOC, which sets forth that "[i]f the court finds for the petition, recovery shall be in the amount of actual damages or $50.00, whichever is greater. If the court finds that the method, act, or practice was willful violation, it may award a civil penalty of not less than 3 times the actual damages, or $150.00, whichever is greater . . . ." Mich. Comp. Laws § 339.916(2).

Plaintiff alleges that Defendant violated the MOC provisions that mirror some of the FDCPA provisions discussed above. *See* Mich. Comp. Laws §§ 339.915(f)(ii), (n). Thus, Plaintiff's well-pleaded allegations similarly establish violations of the MOC.

Because Plaintiff has alleged a willful violation, she is entitled to $150.00 in statutory damages under the MOC.

### C. Attorney's Fees and Costs

Both the FDCPA and MOC authorize the Court to award attorney's fees and costs. *See* 15 U.S.C. § 1692k(a)(3); Mich. Comp. Laws § 339.916(2). To calculate a reasonable attorney's fees award, courts use the "lodestar method," which requires the Court to multiple a reasonable hourly rate by the reasonable number of hours worked. *Ellison v. Balinski*, 625 F.3d 953, 960 (6th Cir. 2010). The Court "has broad discretion to determine what constitutes a reasonable hourly rate for an attorney," *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994) (citation omitted), and in so doing may consider a number of factors, including "the reasonable hourly rate in the community, the attorney's actual billing rate[,] and fee awards from prior cases, [or] a court may determine a reasonable rate based on its own expertise and judgment," *Hett*, 2011 U.S. Dist. LEXIS 18253, at *6 (internal quotation marks and citation omitted).

Plaintiff requests $3,221.25 for attorney's fees and $454.50 for costs. The attorney's fees requested are based on 7.3 hours of work performed by Plaintiff's counsel and 0.95 hours of work performed by a paralegal. The Court finds the number of hours worked reasonable. The requested hourly rate for the paralegal ($125.00) is also reasonable, but the hourly rate requested for Plaintiff's counsel ($425.00) is somewhat high for this legal community. One accepted benchmark for determining reasonable hourly rates in this district is the State Bar of Michigan's Economics of Law Practice Survey. *See, e.g.*, *Smith v. Reliant Grp. Debt Mgmt. Sols.*, No. 16-10325, 2018 U.S. Dist. LEXIS 211136, at *3 (E.D. Mich. Nov. 28, 2018). The most recent survey

5

appears to be from 2017 and states that the mean billing rate for consumer lawyers is $322.00 per hour. *See* State Bar of Michigan, 2017 Economics of Law Practice Attorney Income and Billing Rate Summary Report, https://www.michbar.org/file/pmrc/articles/0000153.pdf (last viewed September 11, 2019). Taking into account, however, that Plaintiff's counsel's hourly rate is $425.00, the Court reduces the hourly rate to $375.00. Accordingly, Plaintiff is awarded $2,856.25 for her attorney's fees and $454.50 for costs.

## IV. Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's motion for default judgment and awards Plaintiff statutory damages in the amount of $1,150.00 pursuant to the FDCPA and MOC, $2,856.25 in attorney's fees, and $454.50 in costs.

SO ORDERED.

s/Nancy G. Edmunds  
Nancy G. Edmunds  
United States District Judge

Dated: September 11, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 11, 2019, by electronic and/or ordinary mail.

s/Lisa Bartlett  
Case Manager